No. 4334.

## CITY OF NEW ORLEANS VS. JOHN OVERTON PRATT.

### (Court of Appeal, Parish of Orleans.)

1. Under the provisions of the City License Ordinance of 1907, retail drug stores owned, controlled and managed by a regular licensed graduate of pharmacy and selling alcoholic liquors in less quantities than one quart must pay a retail liquor dealer's license, unless such alcoholic liquors are sold as drug or medicine only.
2. Proof by the City of the purchase of the whiskey in quantities of less than one quart is sufficient to shift on the dealer the burden of proving that he comes within the exception and that the liquor was sold for medicinal purposes only.

Appeal from Civil District Court, Division "B."

St. Clair Adams, for Plaintiff and Appellee.

James McConnell, Jr., Defendant and Appellant.

DUFOUR, J. The City of New Orleans proceeded in the customary way to enforce the payment of a license alleged to be due by the defendant under the following provisions of the license ordinance of 1907, to-wit:

"Provided that retail drug stores owned and controlled and managed by a regular licensed graduate of pharmacy and selling vinous, spirituous or alcoholic liquors in less quantities than one quart, as drug or medicin only, shall pay the license mentioned in this section, and shall not be required to procure the license required for saloons, etc., under this act as retail liquor dealers.

"Provided, further, That if drug stores, soda fountains, or other aerated water dealers offer for sale, in connection therewith, alcoholic liquors, such drug stores, soda fountains, or dealers shall be required to take out license as retail dealers, as saloon, barrooms, etc., as provided in Sec. 18.

"The defendant's answer is:

First: That respondent is not doing business under the name of the Orpheum Drug Store, at 410 St. Charles St., or in any other location in any name whatever; the said Orpheum Drug Store formerly conducted by defendant having been finally closed on June 16th, 1907, (previous to the filing of this suit), after

which date it ceased to exist as a going concern, and therefore defendant has no business that can be enjoined.

2nd. That the said Orpheum Drug Store during the entire period of its existence, from February 1906 to June 1907, sold less than $30 worth of liquor; that it was a retail drug store owned, controlled and managed by a regular licensed graduate of pharmacy and sold spirituous and alcoholic liquors, in less quantities than one quart, as drug or medicine only.

From a judgment in favor of the City, the defendant has appealed.

It is admitted that if Pratt had been offered as a witness, he would have sworn to the correctness of the allegations of fact in his answer; no other witness appeared for the defence.

Mr. Joseph, the license inspector of the City, testified that he called at the Orpheum Drug Store and bought a small flask of whiskey for thirty-five cents and adds:

"I bought it strictly and only for medicinal purposes. In fact, I bought the whiskey for two reasons: one was in my official capacity in order to see if they sold whiskey, and the other one was that I was out of whiskey myself and wanted some for my own use."

Ed. Vaz, an employee of the City Treasurer's office, says:

"I was sent down to buy a bottle of whiskey, and I went down there (The Orpheum) and saw a whole window full of whiskey all sizes of bottles, quarts, pints and everything else. I went in the store and the clerk asked me what I wanted, and I said I wanted to get a bottle of whiskey. He asked me what size, and I told him one of the thirty-five cent bottles, and he gave me one and I paid him."

Neither witness was asked by the clerk if he wanted the whiskey for medicinal purposes and neither stated to the clerk that such was the purpose of his purchase.

We think that in a suit of this character, proof by the City of the purchase of the whiskey in quantities of less than one quart is sufficient to shift on the dealer the burden of proving that he came within the exception and that the liquor was sold for medicinal purposes only. The fact to the existence of which it was admitted that Pratt would swear do not rebut the presumption; the clerks who sold the liquor were not produced and it is not the amount of sales but their character and purpose which must be determinative.

Defendant's going out of business before suit is of no effect, he was in business during part of the year 1907 and owes a license for it. The injunction is no ground for complaint as it can work no hardship; the most that can be said is that it is useless.

We shall not consider other points urged by way of argument but not presented by the pleadings.

Judgment Affirmed.

November 25, 1907.

Rehearing refused December 30, 1907.

Writ denied by Supreme Court, February 3, 1908.